CLD-092                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3265
_____

MARY BASILE LOGAN,
                              Appellant

v.

MERRICK GARLAND, in his official capacity Attorney General, Department of
Justice; LLOYD J. AUSTIN, III, in his official capacity as the Secretary,
Department of Defense; WILLIAM J. BURNS, in his official capacity as the
Director, Central Intelligence Agency; CHRISTOPHER A. WRAY, in his official
capacity as the Director of the Federal Bureau of Investigation;
DENIS RICHARD MCDONOUGH, in his official capacity as Secretary of Veterans
Affairs; ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S.
Department of Homeland Security; MARCIA L. FUDGE, in her official capacity as
Secretary U.S. Department of Housing and Urban Development; ROBERT CALIFF, in
his capacity as Commissioner Food and Drug Administration; HILLARY R. CLINTON,
in her official capacity as Former Secretary of State for the United States of
America; THOMAS KEAN, SR., in his former capacity as Chairman 9/11
Commission; ROBERT MUELLER, in his former capacity as Director of the Federal
Bureau of Investigation; JAMES COMEY, in his former capacity as Director of
the Federal Bureau of Investigation; CHRISTOPHER J. CHRISTIE, in the capacity
of the former-Governor of New Jersey; RICHARD "DICK" CHENEY, in his former
capacity as Vice President of the United States; ELIZABETH "LIZ" CHENEY, in
her former capacity as Chair, January 6 Commission; JOHN KERRY, in his
official capacity as U.S. Special Presidential Envoy for Climate; GEORGE W. BUSH, in
his former capacity as President of the United States; BARACK H. OBAMA, in his
former capacity as President of the United States; LORETTA LYNCH, in her former
capacity as United States Attorney General; JAMES BAKER, in his former capacity as
White House Chief of Staff; ERIC HOLDER, in his former capacity as United States
Attorney General; JOSEPH R. BIDEN, in his official capacity as President, his former
capacities as Vice President and Senator, of these United States; JOHN ASHCROFT, in
his former official capacity, as United States Attorney General; JAMIE GORELICK, in
her official capacity, Homeland Security Advisory Council member; NANCY PELOSI,

in her official capacity as Congresswoman (CA); GEORGE NORCROSS, in his capacity as Chairman, Cooper University Medical Systems; PHIL MURPHY, in his official capacity as Governor of New Jersey, and as former Chair of the National Governors Association (NGA); TAHESHA WAY, in her former capacity as Secretary of State, as former President of the National Association of Secretaries of State, and her current capacity as Lt. Governor, New Jersey; JUDITH PERSICHILLI, in her official capacity as then-Commissioner of Health for the State of New Jersey; SEJAL HATHI, in her official capacity as Deputy Commissioner for Public Health Services; MATTHEW PLATKIN, in his official capacity as Attorney General of the State of New Jersey; KATHY HOCHUL, in her official capacity as Governor of New York; ANDREW CUOMO, in his former capacity as Governor of New York and his capacity as Vice-Chair of the National Governors Association; LETITIA JAMES, in her capacity as Attorney General of the State of New York; DEMOCRATIC NATIONAL COMMITTEE; REPUBLICAN NATIONAL COMMITTEE; JAMES PITTINGER, in his official capacity as Mayor of Lebanon Borough, State of New Jersey; LISA SELLA, in her official capacity as Deputy Clerk, Lebanon Borough, State of New Jersey; ROBERT JUNGE, in his official capacity as Municipal Chair, Republican Party, Lebanon Borough, State of New Jersey; JOHN DOES (1-100); JANE DOES (1-100); WILLIAM J. CLINTON, in his official capacity as the former President of the United States of America; SUSAN RICE, in her official capacity as United States Domestic Policy Advisor; ADAM SCHIFF, in his official capacity as Congressman, of the State of California; CHARLES "CHUCK" SCHUMER, in his official capacity as Senator for the State of New York; XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; JANET YELLEN, in her official as Secretary of the United States Treasury; ROD ROSENSTEIN, in his former capacity as United States Deputy Attorney General; HUMA ABEDIN, in her former capacity as vice Chair of Hillary Clinton; DEBBIE WASSERMAN SCHULTZ, in her current capacity as U.S. Representative, (FL-25); BILL NELSON, in his official capacity as Administrator of NASA; OCCIDENTAL PETROLEUM; UNITED HEALTHCARE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:24-cv-00040)
District Judge:  Honorable Zahid N. Quraishi

_____

Submitted on Appellees' Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2025

2

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 21, 2025)
_____

OPINION*
_____

PER CURIAM

Appellant Mary Basile Logan, proceeding pro se, appeals the District Court's dismissal of her civil action for lack of standing. The Appellees have moved to summarily affirm. For the reasons that follow, we will grant the motion.

In January 2024, Logan filed a civil action against numerous federal and state officials, as well as non-governmental entities, alleging violations of various federal criminal statutes and the Take Care and Treason Clauses of the United States Constitution, Article II, § 3.1, and Article III, § 3. Her amended complaint, which spans over 900 pages inclusive of exhibits, recites "theories and 'facts' regarding major events in modern U.S. history, including the Covid-19 Pandemic, the September 11, 2001 attack on the World Trade Center, and alleged foreign influence in U.S. politics dating from the mid-20th Century." D.Ct. ECF No. 123 at 3 (citing D.Ct. ECF Nos. 45, 46, 55). Among other relief, Logan sought $8 billion in damages, "that Donald J. Trump be placed on the November, 2023 [sic] ballot and that Joseph R. Biden be removed as Executive of these

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

United States," that "voting be returned to one day," and "that such voting be in person by paper ballot which is to be hand counted." D.Ct. ECF No. 45 at 124.

The served Defendants all moved to dismiss the amended complaint on multiple grounds, including failure to state a claim, lack of jurisdiction, and lack of standing. The District Court granted the motions, concluding that "all claims against all Defendants must be dismissed due to Plaintiff's lack of standing." D.Ct. ECF No. 123 at 14. In addressing standing and dismissing Logan's claims with prejudice, the District Court noted, inter alia, that Logan had "not pled Defendants' involvement with sufficient particularity or clarity to show injury-in-fact," or alleged "that the challenged activity … harmed her in a personal and individual way relative to other state residents." Id. at 13-14. (citations omitted).

Logan appeals, and the Appellees have moved for summary affirmance. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a dismissal for lack of jurisdiction with respect to standing. See Goode v. City of Phila., 539 F.3d 311, 316 (3d Cir. 2008). We may summarily affirm a district court's judgment if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

To establish Article III standing, a plaintiff must demonstrate, among other things, an injury-in-fact, which must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014). In applying the standing rules, a court's "primary project is to separate those

4

with a true stake in the controversy from those asserting 'the generalized interest of all citizens in constitutional governance.'" Freedom From Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 483 (1982)). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).

Despite multiple filings and an opportunity to amend, Logan failed to identify any "specific and concrete injury-in-fact beyond self-serving allegations" and "conclusory statements that Defendants are liable for a multitude of sins and problems." D.Ct. ECF No. 123 at 13. We agree with the District Court that Logan's generalized grievances "with respect to alleged changes to the U.S. voting system, the economy writ large, and the structure of the U.S. government lack Article III standing." Id.; see also Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 140, 145-46 (2011) (concluding that "generalized grievances about the conduct of government," and a complaint that merely "disagrees with" a state's law is insufficient to establish injury-in-fact). We also discern no error in the District Court's denial of Logan's motions for preliminary injunctions.

Because this appeal fails to present a substantial question, we grant the Appellees' motion and will summarily affirm the judgment of the District Court.[1]

---

[1] Appellant's brief on appeal, see 3d Cir. ECF No. 21, was considered by the Court.